IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KENT,

    Petitioner,                    No. CIV S-09-2829 DAD P

    vs.

PLACER COUNTY, et al.,            <u>ORDER AND</u>

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(5). (Doc. No. 1) Over a short period of time petitioner has also filed five amended habeas petitions with the court. (Doc. Nos. 5-8, 10.) Each of the petitions concern a citation issued to petitioner on October 13, 2005 by the California Contractors State License Board for contracting without a contractor's license. Because petitioner's fifth, and latest, amended petition filed February 1, 2010 appears to be the most complete in and of itself, the court hereby deems the fifth amended petition as the operative habeas petition in this action. (Doc. No. 10.)[1]

/////

---

[1] In that petition the following are named as respondents: Placer County, Placer County Superior Court, Placer County Sheriff's Department, Placer County District Attorney's Office; Steven Dragland of the Placer County District Attorney's Office, Carl Mayhew, Placer County Public Defender's Office, Nicole Valintine and "Unidentified Placer Employees 1-15."

1

Petitioner alleges that on October 13, 2005, he was arrested, released, and provided a Notice to Appear requiring him to appear on December 2, 2005 before the Placer County Justice Court. (Doc. No. 10 at 3.) Petitioner alleges that although he appeared at that time, he was told by the "Clerk of the Placer County Superior Criminal Division" that he was not on the docket and also by the Placer County District Attorney's Office that there were no current criminal charges pending against him. Petitioner raises the following grounds for federal habeas relief: (1) petitioner's property right to sell his labor and personal services have been violated under the Fourteenth Amendment's due process clause, (2) respondents detained petitioner "longer than was necessary to cite and release him for a misdemeanor citation," (3) respondents denied petitioner a speedy and public trial in violation of the Sixth Amendment, (4) respondents denied petitioner his fundamental right to due process under the Fourteenth Amendment and right to a speedy trial under the Sixth Amendment, and (5) respondents denied petitioner the right to counsel in violation of the Sixth and Fourteenth Amendments. (Id. at 9-22.) Petitioner requests that this court "review the statutes and precedent cases in support of the arguments made on behalf of the petitioner, and conclude that, the respondents have not only violated the petitioner's Sixth Amendment rights, but his rights protected by the Fourteenth Amendment as well." (Id. at 22.)

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 1(b), 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

A habeas action may be filed by a prisoner who seeks to challenge the fact or duration of his custody and where a determination of his action may result in the petitioner's

entitlement to release.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of [28 U.S.C.]§§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody. ")  Here, petitioner is not in custody and has never been convicted of a criminal offense according to the allegations of his petition.  Moreover, by seeking a declaration by this court that his rights were violated in connection with issuance of the citation in question, petitioner seeks relief that is not available by way of a federal habeas action.  Therefore, this action should be summarily dismissed.

       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this action to a District Judge.

       Also, IT IS HEREBY RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2010.

                                                  /s/ Dale A. Drozd
                                                  DALE A. DROZD
DAD:4                                         UNITED STATES MAGISTRATE JUDGE
kent2829.156